NO. 07-03-0129-CR


NO. 07-03-0130-CR





IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



APRIL 25, 2003



______________________________




TIMOTHY LAWRENCE MOORE, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;



NOS. 32,672-C & 32,670-C; HONORABLE PATRICK A. PIRTLE, JUDGE



_______________________________



Before QUINN and REAVIS and CAMPBELL, JJ.

ABATEMENT AND REMAND


 Pursuant to pleas of guilty, on May 9, 1997, appellant was granted deferred
adjudication in cause number 32,672-C for burglary of a habitation and in cause number
32,670 for aggravated robbery and placed on community supervision for six years and ten
years plus $2000 restitution, respectively. After hearing evidence on the State's amended
motions to proceed with adjudications of guilt, on January 17, 2003, the trial court
adjudicated appellant guilty of both offenses and punishment was assessed at 40 years
confinement. Appellant filed pro se "Motions for Appeal" indicating a desire to appeal his
convictions. See Tex. R. App. P. 25.2(c)(2); see Verburgt v. Dorner, 959 S.W.2d 615, 616
(Tex. 1997) (holding that a timely filed document showing a bona fide attempt to appeal
invokes an appellate court's jurisdiction).

 We recognize that article 42.12, section 5(b) of the Texas Code of Criminal
Procedure Annotated (Vernon Supp. 2003), expressly denies a defendant the right to
appeal from a trial court's determination to adjudicate guilt. Connolly v. State, 983 S.W.3d
738, 741 (Tex.Cr.App. 1999). However, appeals of proceedings after an adjudication of
guilt, including assessment of punishment, pronouncement of sentence, and granting of
community supervision are not foreclosed by article 42.12, section 5(b). 

 On April 7, 2003, appellant filed a document requesting the assistance of counsel. 
Therefore, we now abate these appeals and remand the causes to the trial court for further
proceedings. Upon remand, the trial court shall immediately cause notice of a hearing to
be given and, thereafter conduct a hearing to determine the following:

 1. whether appellant desires to prosecute these appeals; and

 2. whether appellant is indigent and entitled to appointed counsel.


The trial court shall cause the hearing to be transcribed. Should it be determined that
appellant desires to pursue the appeals, then the trial court shall also take such measures
as may be necessary to assure appellant effective assistance of counsel, which measures
may include the appointment of counsel. If counsel is appointed, the name, address,
telephone number, and state bar number of said counsel shall be included in the order
appointing new counsel. Finally, the trial court shall execute findings of fact, conclusions
of law, and such orders as the court may enter regarding the aforementioned issues, and
cause its findings and conclusions to be included in a supplemental clerk's record. A
supplemental record of the hearing shall also be included in the appellate record. Finally,
the trial court shall file the supplemental clerk's record and the supplemental reporter's
record with the Clerk of this Court by Monday, June 9, 2003.

 It is so ordered.


 Per Curiam

Do not publish. 

 



ENTER>Issue 2 - Sufficiency of the Evidence


 Next, appellant challenged the sufficiency of the evidence to sustain his conviction. 
We overrule the issue.

 The applicable standards of review appear in Jackson v. Virginia, 443 U.S. 307, 99
S.Ct. 2781, 61 L.Ed.2d 560 (1979) and Watson v. State, 204 S.W.3d 404 (Tex. Crim. App.
2006). We refer the parties to those cases. 

 Appearing of record is the testimony of Freeman expressly identifying appellant as
the driver of the vehicle when it struck the bicyclist. Also contradicting appellant's claim of
innocence was the evidence that 1) he borrowed the vehicle involved in the accident from
his girlfriend on the night of the accident, 2) he drove it from and to the location at which
he borrowed it, 3) he returned it with a smashed windshield, dents, and the outside mirror
dangling, 4) a wiper blade found at the scene matched a blade missing from the vehicle
he borrowed, 5) appellant told his girlfriend he was the driver, 6) appellant misrepresented
to his girlfriend that a brick hit the vehicle, 7) appellant apologized for the damage to the
vehicle, 8) appellant "took a rag to the car," 9) paint chips recovered from the license plate
of the vehicle were similar in layer sequence, color, and type of paint to paint found on the
bicycle, and 10) the victim's injuries were consistent with being thrown up over the
windshield of a vehicle. This evidence is sufficient to permit a rational trier of fact to find
beyond a reasonable doubt that appellant was the operator of a vehicle involved in an
accident resulting in injury or death to Sheila Austin and that he failed to stop and render
aid. Tex. Transp. Code Ann. §§550.021 and 550.023 (Vernon 1999) (defining the
offense). 

 As for appellant's attempt to discredit Freeman and the other witnesses, discredit
the investigation of the police, and shift blame, we note the evidence that people in the
general area had seen two other vehicles leave the area around the time of the accident,
that Freeman had been left alone in the vehicle at one point while appellant went into a
house to buy drugs, and that Negroid hairs inconsistent with those of the victim were found
on the windshield (appellant was white and Freeman was black). Yet, this information was
far from overwhelmingly unfavorable to the jury's verdict. Neither did it create more than
surmise that someone else, such as Freeman, drove the vehicle. Nor was the evidence
of appellant's guilt weak; rather, ample existed if the jurors opted to believe it. And, after
all, it was for the jurors, as opposed to this court, to resolve doubts in testimony and select
who to believe. Margraves v. State, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000) (stating
that the jurors have the obligation to resolve credibility disputes). Consequently, the verdict
has the support of both legally and factually sufficient evidence. 

Issue 3 - Accomplice Witness Instruction


 Via his third and last issue, appellant claims that the trial court should have given
the jury an accomplice witness instruction. In other words, he posits that because
Freeman was an accomplice to the crime, the trial court was obligated to inform the jury
that they could not convict him on Freeman's testimony alone without corroborating
evidence. We overrule the issue.

 Irrespective of whether Freeman was an accomplice, there appeared of record
evidence corroborating appellant's guilt. It consisted of appellant's borrowing and returning
the car, telling the car owner that he was driving it, apologizing for the damage, taking "a
rag to" it after returning, and evincing a consciousness of guilt by attempting to deceive the
owner about how the damage occurred. 

 Corroborating evidence need only connect the accused to the offense, not establish
guilt beyond reasonable doubt. McDuff v. State, 939 S.W.2d 607, 613 (Tex. Crim. App.
1997). What we note in the previous paragraph does just that, link appellant to the
offense. Thus, even if the jury should have been instructed on the need for corroboration,
the failure to do so was harmless given abundant evidence of corroboration. 

 The judgment of the trial court is affirmed.


 Brian Quinn 

 Chief Justice

Do not publish.